IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:08cr183-MHT |
| | ) | (WO) |
| CEDRIC L. THOMAS | ) | |

OPINION AND ORDER

This court previously set a hearing on the petition of the United States Probation Service to revoke the term of supervision of defendant Cedric L. Thomas. *See* Order (doc. no. 166) (setting hearing for revocation); Petition to Revoke Supervision (doc. no. 150); Order Amending Petition to Revoke Supervision (doc. no. 157). Since then, Thomas has agreed to waive his right to a revocation hearing in exchange for a particular sentence. *See* Proposed Order (doc. no. 168). For the reasons that follow, the court will accept the parties' agreement, grant the revocation petition, revoke Thomas's term of supervision, and sentence him to 12

months and one day of incarceration, with no additional term of supervised release to follow.

Federal Rule of Criminal Procedure 32.1 governs "revoking or modifying probation or supervised release." Under the rule, Thomas is entitled to "(A) written notice of the alleged violation; (B) disclosure of the evidence against [him]; (C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; (D) notice of [his] right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel; and (E) an opportunity to make a statement and present any information in mitigation," also known as the right to allocution. Fed. R. Crim. P. 32.1(b)(2); see also Fed. R. Crim. P. 32.1 advisory committee's note to 2005 amendment (noting the addition of the right to allocution in response to an observation by the Eleventh Circuit Court of Appeals in *United States v. Frazier*, 283 F.3d 1242 (11th Cir. 2002)). The rule

2

also makes plain that such revocation hearings can be waived by the defendant: "*Unless waived by the person*, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction." Fed. R. Crim. P. 32.1(b)(2) (emphasis added); *see also United States v. Jones*, 798 F. App'x 494, 496-97 (11th Cir. 2020) (explaining that "[t]he Federal Rules of Criminal Procedure, which govern revocation hearings, allow a defendant to waive their right to a hearing" based on the federal rule).*

Given this rule, the court is satisfied that Thomas's waiver is sufficient for this court to proceed without a revocation hearing. *See generally United States v. Davenport*, No. 2:10CR27, 2020 WL 1862697 (M.D. Ala. Apr. 14, 2020) (Thompson, J.) (finding a

---

* Allowing a defendant to waive a revocation hearing in its entirety is also consistent with the rule's treatment of preliminary hearings and modifications of supervised release, both of which can also be waived by the defendant. *See* Fed. R. Crim. P. 32.1(b)(1)(A) ("The person may waive the [preliminary] hearing."); *id*. at 32.1(c)(2) ("A hearing is not required if: (A) the person waives the [modification] hearing.").

similar waiver to be sufficient).  In the waiver, Thomas acknowledges that he has "had an opportunity" both to "[r]eview the notice of the alleged violation of supervised release" and "[d]iscuss with counsel the evidence against him."  Proposed Order (doc. no. 168) at 2-3.  This corresponds to his entitlement at a revocation hearing to "(A) written notice of the alleged violation; [and] (B) disclosure of the evidence against [him]."  Fed. R. Crim. P. 32.1(b)(2).  Further, in the waiver, he acknowledges that "he is aware of the following rights and is knowingly waiving these rights in exchange for the recommended agreed sentence: 1. The opportunity to appear personally, present evidence, and question adverse witnesses at a revocation hearing; and 2. The opportunity to make a statement personally to the [c]ourt in mitigation of sentence and to present mitigating evidence to the [c]ourt."  Proposed Order (doc. no. 168) at 3.  This corresponds to his entitlement at a revocation hearing to "(C) an opportunity to appear, present evidence, and question

any adverse witness unless the court determines that the interest of justice does not require the witness to appear; ... and (E) an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(b)(2). While the waiver does not mention the Thomas's entitlement to "(D) notice of [his] right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel," id., there is no need here because he is already represented by counsel.

Finally, the court will accept the parties' proposed sentence of 12 months and one day. The court understands that the violation to which Thomas is pleading guilty is a Grade C violation in the United States Sentencing Guidelines; that his criminal history category at the time of sentencing was VI; and that the applicable guideline range for imprisonment for a Grade C violation, by a defendant with a criminal history category of VI, is 8 to 14 months. With these understandings in mind, and after having considered and

consulted the Sentencing Guidelines in general, and evaluated the reasonableness of a sentence through the lens of 18 U.S.C. § 3553, the court finds that the parties' proposed sentence of 12 months and one day for Thomas is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing set forth in subpart (a) of § 3553.

***

Accordingly, it is ORDERED as follows:

(1) The court accepts the parties' plea agreement, including defendant Cedric L. Thomas's waiver of his right to a revocation hearing (doc. no. 168).

(2) The court finds that defendant Thomas violated a mandatory condition of the terms of supervised release--namely, that he "shall have no contact with LaBrenda Taylor." Amended Petition (doc. no. 157). This violation was the third alleged in the petition to revoke supervised release. *See id.*

(3) The petition to revoke supervised release (doc. no. 150), as amended (doc. no. 157), is granted as to violation three and denied in all other respects.

(4) The court finds that this violation is a Grade C violation in the United States Sentencing Guidelines.

(5) The court finds that defendant Thomas's criminal history category at the time of sentencing was VI.

(6) The court finds that the applicable guideline range for imprisonment for a Grade C violation, by a defendant with a criminal history category of VI, is 8 to 14 months.

(7) Having considered and consulted Chapter 7 of the Sentencing Guidelines, the 18 U.S.C. § 3553(a) factors, and the parties' sentencing agreement, it is the judgment of the court that the defendant Thomas is committed to the custody of the Federal Bureau of Prisons to be imprisoned for 12 months and one day. This sentence shall run concurrently with any state term of imprisonment resulting from another

offense that is relevant conduct to the instant offense of conviction.  See United States Sentencing Guidelines § 1B1.3.  Upon release from imprisonment, there will be no term of supervised release.

(8) The court understands that defendant Thomas is already in the custody of the U.S. Marshal Service.

(9) The hearing on the revocation petition, set for May 1, 2020, is canceled.

DONE, this the 30th day of April, 2020.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE